**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John A. Doe, et al., | No. CV-21-08086-PCT-DWL |
|     Plaintiffs, | **ORDER** |
| v. | |
| Lynn Krogh, et al., | |
|     Defendants. | |

Plaintiffs filed this action under pseudonyms (John A. Doe, John B. Doe, John C. Doe, and Jane A. Doe) "utilized to protect [their] privacy as [victims] of childhood sexual harassment, molestation and abuse." (Doc. 1-3 ¶¶ 1-6.)

Generally, the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations omitted). "Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Id.* The Ninth Circuit allows parties to proceed under pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68 (internal quotation marks omitted). "[C]ourts have permitted plaintiffs to use pseudonyms . . . when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature . . . ." *Id.* at 1068 (internal

quotation marks omitted). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.*

Here, Plaintiffs allege that Defendant Lynn Krogh, a pilot and co-founder of Defendant International Jet Aviation Services Incorporated ("International Jet"), used his position as an aviation instructor to sexually harass, abuse, and molest Plaintiffs when they were children. (Doc. 1-3 ¶ 7.) The alleged abuse includes "engaging in sexual talk and innuendo with [John A. Doe]; . . . touching the child on his genitalia and buttocks, positioning this child on his lap for sexual gratification, filming the child in various stages of undress, viewing pornography and administering drugs for the purpose of engaging in sex acts," (*id.* ¶ 22), performing similar acts as to John B. Doe and John C. Doe, (*id.* ¶¶ 23-24), "orally copulating" and engaging in "sodomy" with John C. Doe, (*id.* ¶ 24), and, in the case of the Jane Doe defendant, "entering the child's room where she slept and touching the child inappropriately on her breasts and nipples, administering drugs and engaging in inappropriate sexual acts with another child in plain view" (*id.* ¶ 25).[1]

The Court has no trouble concluding that these are matters "of sensitive and highly personal nature." *Advanced Textile Corp.*, 214 F.3d at 1068. Secrecy is generally accepted, at least during the pretrial phase of the case, as "necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe K.G. v. Pasadena Hospital Ass'n, Ltd.*, 2019 WL 1612828, *1 (C.D. Cal. 2019) ("Given the serious and sensitive nature of the allegations of repeated sexual assault by Plaintiffs, there is a high likelihood Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under their real names. Such personal embarrassment and emotional injury outweighs any potential prejudice to

---

[1] Plaintiffs allege these acts were committed in plain sight of the other Defendants. (*Id.* ¶¶ 22-25.) Plaintiffs bring claims for sexual assault, abuse, and molestation, negligent infliction of emotional distress, negligence, negligent supervision, negligent hiring and retention, negligent failure to train, warn, or educate, endangerment, and child abuse. (*Id.* at 22-34.)

Defendants. Further, as other courts have held, allowing sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes."); *B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, *10 (N.D. Cal. 2020) ("[T]here is a low risk of prejudice to Defendants at the current stage, and the public interest is better served if B.M. is allowed to proceed anonymously. Prejudice to Defendants is minimal because B.M. will agree to reveal her identity for purposes of investigating her claims."). *But see Rapp v. Fowler*, 2021 WL 1738349, *6 (S.D.N.Y. 2021) (denying plaintiff's motion to proceed under pseudonym in part because "[t]hough C.D. brings allegations relating to alleged sexual abuse as a minor, he now is an adult in his 50s who has chosen to level serious charges against a defendant in the public eye").

"In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, and to issue protective orders limiting disclosure of the party's name, to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Advanced Textile Corp.*, 214 F.3d at 1069. "[T]he balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Id.* "It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit." *Id.*

The Court concludes that Plaintiffs may proceed under a pseudonym during the pretrial phase of this case. Whether this approach will continue at trial will be addressed, if necessary, at a later date, after giving all parties an opportunity to be heard. If Defendants disagree with this initial determination that Plaintiffs may proceed under pseudonyms, they may file a motion challenging it.

Dated this 17th day of May, 2021.

Dominic W. Lanza
United States District Judge